

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-21-2006

# In Re: Joseph Jarvis

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3974

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Joseph Jarvis " (2006). *2006 Decisions.* Paper 164.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/164

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3974
_____

IN RE:  JOSEPH JARVIS,
                                    Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civil No. 04-cv-00055)

_____

Submitted Under Rule 21, <u>Fed. R. App. Pro.</u>
October 5, 2006

Before:  RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>.

(Filed November 21, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Joseph Jarvis petitions for a writ of mandamus requiring Magistrate Judge

Madeline C. Alreo of the United States District Court for the District of New Jersey to

recuse herself from the underlying action.

        Jarvis alleges judicial misconduct based on the Magistrate Judge's harsh

words towards Jarvis's former attorney, failure to notify Jarvis of schedule changes in the

case, and unjustified rulings in favor of the opposing party.  He also contends that the

Judge is being influenced by a retired Federal District Judge who is the father of one of the opposing party's attorneys and associated with that attorney's law firm. The Magistrate Judge denied Jarvis's motion for recusal on September 18, 2006.

We exercise jurisdiction under 28 U.S.C. § 1651(a) and review the Magistrate Judge's decision not to recuse for abuse of discretion. See In re Kensington Int'l, Ltd., 368 F.3d 289, 300-301 (3d Cir. 2004) (abuse of discretion standard applies when the district court rules on a motion to recuse after a petition for writ of mandamus is filed in the Court of Appeals). Under 28 U.S.C.§ 455(a), a Magistrate Judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Disqualification under § 455(a) is required if "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l, 353 F.3d at 301. While actual bias need not be shown, id. at 302, "a movant must supply some objective facts that support his position, not mere speculation." See U.S. v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989).

Absent extraordinary circumstances, "'beliefs or opinions which merit recusal must involve an extrajudicial factor'" beyond what has occurred in the proceedings. Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (citation omitted). Petitioner has failed to allege any objective facts that could support a finding that there were extrajudicial factors creating the appearance of impartiality. His allegations regarding the Magistrate Judge's ex parte contact with opposing counsel's father are mere speculation. See Martorano, 866 at 68. Likewise,

2

nothing about the Magistrate Judge's alleged handling of motions, petitioner's telephone calls, or the court appearances of his former attorney is extreme enough to support a claim of bias or partiality.  See Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000).  If petitioner disagrees with the Magistrate Judge's rulings, he may appeal them at the appropriate time.  See In re Briscoe, 448 F.3d 201, 211 (3d. Cir. 2006) (citations omitted).

For the foregoing reasons, the petition for a writ of mandamus will be denied.